IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WEAKLEY COUNTY BOARD OF EDUCATION,**

    Plaintiff,

VS.                                                                   NO.   1:08-cv-01254-JDB-cgc

**H. M., Individually, and by and through
J.M. Natural Parent and Guardian of H.M**

    Defendants.

## ORDER DENYING PLAINTIFF'S
## MOTION TO STRIKE EXPERT TESTIMONY OF DR. JERRY MITCHELL

Before the Court is Plaintiff's Motion to Strike the Expert Testimony of Dr. Jerry Mitchell (D.E. # 57) by way of Order of Reference for determination from District Judge J. Daniel Breen. (D.E. # 61). After considering the motion and supporting memorandum, Defendants' response in opposition (D.E. # 60) and Plaintiff's reply (D.E. # 67), the Court finds that as a treating physician, Dr. Mitchell is not required by Fed. R. Civ. P. 26(a)(2)(B) to provide a written report and therefore is not precluded from testifying regarding the opinions that he developed while treating H.M.

The instant case is an appeal of the Administrative Law Judge's decision awarding J.M. reimbursement of tuition and other expenses related to H.M.'s attendance at private schools pursuant to 20 U.S.C. § 1412(a)(10)(C). Among the issues raised by Weakley County Schools (WCS) in its appeal is that H.M. was not qualified for services under the Individuals with Disabilities Education Act ("IDEA"), specifically that H.M. did not have an "Emotional

Disturbance" as defined at 34 C.F.R. §300.7(c)(4).

In its motion to strike, WCS argues that Dr. Mitchell was not properly disclosed as an expert witness in compliance with Fed. R. Civ. P. 26(a)(2)(B) which requires a written report from any expert witness who is "retained or specially employed to provide expert testimony in the case." Plaintiff does not argue that Dr. Mitchell was retained or specially employed to provide expert testimony in the case. This is the threshold finding needed for determining whether an expert is subject to the report requirement. Instead, Plaintiff focuses on the contents of the documents proffered as an "expert report" as justification for striking Dr. Mitchell's testimony. This argument is without merit.

The Sixth Circuit held in *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866 (6th Cir. 2007) that the Rule does not require an expert report from a treating physician where the proposed testimony relates to causation. *Fielden* at 869. Plaintiff does not challenge Dr. Mitchell's status as H.M.'s treating physician. This holding does not authorize the treating physician to give opinion testimony without any limits or boundaries. The *Fielden* opinion limits the treating physician's testimony (where no Rule 26 compliant expert report is filed) to "their own diagnosis and treatment." *Fielden* at 870, citing *Ridder v. City of Springfield,* No. 9503358, 1997 WL 117024, at *4 (6th Cir. March 13, 1997).

Plaintiff raises concerns in its reply about the qualification process at High Frontier. This is more appropriately raised as a challenge to Dr. Mitchell's credibility. Plaintiff also raises judicial estoppel as grounds for striking Dr. Mitchell's testimony because Defendants' proffered him as an expert in the administrative proceedings and is now offering him as a "fact witness" in the instant case. This is not an inconsistent result as Sixth Circuit case law makes it clear that "at least some aspects of a treating physician's testimony, even if wholly factual in

nature, are nevertheless the product of the physician's medical treatment and do not necessarily transform treating physicians into experts." *Dennis v. Sherman,* 2010 WL 1957236 at *2, (W.D. Tenn. May 12, 2010).

Plaintiff requests that, if the Motion to Strike is denied, it be permitted an extension of time in which to take Dr. Mitchell's deposition.  The Scheduling Order entered in this case at D.E. #24 on April 27, 2009 set December 22, 2009 as the close of discovery.  The instant motion was filed on February 26, 2010.  Plaintiff has known since the administrative proceedings that Dr. Mitchell was H.M.'s treating physician and that he certified her as emotionally disturbed.  Plaintiff elected not to take Dr. Mitchell's deposition prior to the close of discovery and elected not to seek an extension of time prior to the expiration of the deadline. Fed. R. Civ. P. 6(b)(1)(B) provides that the court may extend the time in which to perform "on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff has made no showing of excusable neglect to justify an extension of time.

For the reasons stated above, Plaintiff's Motion to Strike the Testimony of Dr. Mitchell is DENIED.  However, Dr. Mitchell's testimony is limited to his diagnosis and treatment of H.M. and his opinions developed in the course of H.M.'s treatment.  Plaintiff's request for an extension of time in which to take Dr. Mitchell's deposition is likewise DENIED.

**IT IS SO ORDERED** this 11th day of June, 2010.

                                        s/ Charmiane G. Claxton
                                        CHARMIANE G. CLAXTON
                                        UNITED STATES MAGISTRATE JUDGE